ANDREW P. WESTINE, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

No. 17,723.

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Negligence—Switching Freight Train.*
The findings showed, among other things, that the plaintiff, a brakeman in the employ of the defendant, about 7:40 o'clock P. M., on July 17, was walking south on the main track, receiving signals from his conductor and repeating them to his engineer, who were moving their train on a siding to clear for an incoming passenger train. The latter backed in on the main track. Its conductor was on the rear car and could have discovered, by the exercise of reasonable care, that the plaintiff was unconscious of its approach and of his own danger in time to have stopped the train, which the conductor could have done within fifteen feet; that the passenger train struck the plaintiff and dragged him thirty feet. *Held,* that under all the circumstances the question of the plaintiff's alleged contributory negligence was for the jury.

Appeal from Neosho district court.    Opinion filed
July 6, 1912.    Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A.
Scott,* all of Topeka, for the appellant.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for
the appellee.

The opinion of the court was delivered by

WEST, J.:  The plaintiff, a brakeman in the employ of
the defendant, was, at the time of the injury, engaged
in taking signals from his conductor, who was at the
rear of a train fifteen or sixteen cars away, and com-
municating them to his engineer.    It was about
7:40 o'clock P. M. on July 17.    He was walking south
on the main track on which a passenger train was back-
ing in from the north, the conductor thereof being on
the end of the rear car.    The jury found, among other
things, that when Westine stepped upon the track the
passenger train was about one hundred fifty feet north
and was equipped with air and air brakes; that its con-
ductor was on the rear end of the train and in charge
of the air brakes and could have seen Westine about
one hundred fifty feet before he was struck, and that
under the facts and circumstances he could have seen
the plaintiff on the track and observed and appreciated
that he was unaware of the approach of the train and
unconscious of his peril in sufficient time to have
stopped the train before striking him; that the con-
ductor could have stopped the train within fifteen feet
by the exercise of ordinary care and prudence; that by
applying the air on the cab of the engine it could have
been stopped within ten feet; that the train which
struck the plaintiff dragged him thirty feet.    The ap-
pellant contends that even with these findings con-
tributory negligence was shown and that the plaintiff
could not in law recover.    When the case was here be-

Day v. Pipe Line Co.

fore (*Westine v. Railway Co.*, 84 Kan. 213, 114 Pac. 219) it was decided:

"A question of contributory negligence arising upon the failure of a brakeman to look for an approaching train while actively engaged in giving signals for the movement of his own train, and while giving necessary attention thereto, is held, under the evidence in this case, to be one of fact for a jury." (Syl. ¶ 2.)

It was there said that while the plaintiff knew that the passenger train should come in at about the time of the injury, "it still remained for a jury to determine whether the plaintiff ought, in the exercise of reasonable prudence, to have looked out for the expected train, in view of the nature of his duties and the importance of attending to the work of removing his own train to the siding, and the dangers to be apprehended." (p. 221.)

In view of the findings referred to, which were the result of the second trial, the rule already announced applies even more clearly than before. The judgment is affirmed.